UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH A. DENBOW and SEAN R. RAGSDALE, *on their own and on behalf of a class of similarly situated persons*,<br><br>*Petitioners*,<br><br>v.<br><br>RANDALL A. LIBERTY, Commissioner of Maine Department of Corrections *in his official capacity*, MAINE DEPARTMENT OF CORRECTIONS,<br><br>*Respondents* | Case No. _____<br><br>**Declaration of Marina Sideris, Esq.** |

## DECLARATION OF MARINA SIDERIS, ESQ.

I, Marina Sideris, Esq., am over the age of 18 and fully competent to make the following declaration:

1. I am an attorney residing in Camden, Maine. My bar number is 5301.

2. I have a client who is incarcerated in the Maine State Prison, who is medically vulnerable to serious illness or death from COVID-19.

3. On behalf of my client, I sent Commissioner Randall Liberty, Maine State Prison Warden Matthew Magnusson, and Director of Classification Benjamin Beal an application for medical furlough, pursuant to 34-A M.R.S.A. section 3035(2)(C), and a letter supporting the application for medical furlough and requesting disability accommodation on behalf of my client, to enable him to physically distance in the community until public health experts recommend physical distancing practices can be safely lifted. The application and letter are attached as Exhibit A.

4. Director Beal responded the next day, on April 30, 2020, denying the request. He stated, "[t]he department is not utilizing the medical furlough to release clients during the COVID19 pandemic. This medical furlough program is used by the department to transition clients into medical programs when current medical conditions are not able to be attained while they are incarcerated." The remainder of Mr. Beal's response is attached in an email chain of my communication with Director Beal, provided at Exhibit B.

5. I replied, requesting additional information, appealing the denial of medical furlough, and reiterating the request to provide accommodation for my client's disabilities that place him at higher risk of serious illness from COVID-19. The remainder of my reply is attached at Exhibit B.

6. On May 4, 2020, Director Beal responded that "[c]urrently the Maine Department of Corrections is only utilizing the [Supervised Community Confinement Program] for transitioning clients to the community," and stated that DOC would consider my email an appeal of the SCCP denial. The remainder of his response is attached at Exhibit B.

7. In subsequent responses I clarified that our application was for medical furlough, not SCCP, and asked additional questions, including whether there is a separate process to request accommodation for my client's disabilities, as copied in Exhibit B.

8. In his final response, also provided at Exhibit B, Director Beal provided further explanation for denying any request for SCCP for my client, namely that my client does not meet the SCCP criterion of having served half of his sentence. Director Beal did not offer any additional process for seeking a disability accommodation. Nor did he offer any consideration of whether my client could be eligible for medical furlough, as opposed to SCCP.

9. I am concerned that my client, who is medically vulnerable to COVID-19 due to multiple risk factors, is at risk of serious illness or death in the Maine State Prison. In his current correctional environment, my client is unable to physically distance, necessary hygiene and sanitization practices are impossible, and he is exposed to dozens of prisoners and staff each day, as explained further in my initial letter to the department (Exhibit A).

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: <u>May 14, 2020</u>   /s/ Marina Sideris, Esq.
Marina Sideris, Esq.