## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

JOSEPH A. DENBOW and SEAN R. RAGSDALE, *on their own and on behalf of a class of similarly situated persons*,

*Petitioners*,

v.

RANDALL A. LIBERTY, Commissioner of Maine Department of Corrections *in his official capacity*, MAINE DEPARTMENT OF CORRECTIONS,

*Respondents*

Case No. 20-cv-00175

## DECLARATION OF EMMA BOND, ESQ.

I, Emma Bond, am over the age of 18 and fully competent to make the following declaration:

1. I am an attorney residing in Portland, Maine. My bar number is 005211.

2. I am a staff attorney at the American Civil Liberties Union of Maine and, in that capacity, serve as an attorney for Petitioners Joseph A. Denbow and Sean R. Ragsdale and have sought to serve as an attorney for the putative class in the above-captioned case.

3. Throughout this litigation, we have relied on communications with prisoners in the Maine Department of Corrections (DOC) custody to learn about conditions within DOC facilities. There have been several challenges with ensuring such communication remains available, especially given some of the precautions associated with the COVID-19 pandemic. The difficulty in contacting certain prisoners has become even more severe since the confirmed positive COVID-19 tests in the Maine Correctional Center in Windham.

4. For example, we have unsuccessfully attempted to contact two incarcerated people at the Maine Correctional Center, but were unable to set up calls with them due to "lock-down" precautions. I emailed the case worker for one of the men on Tuesday, May 26, 2020, stating "I am checking in on the requested call with [named prisoner]. When I called several times last week (Wednesday, Thursday, and Friday), the update was [that] you were not able to get in touch with [this prisoner] because of the lock-down. Has there been any update in setting up a call with him?" The case worker responded "Sorry we still cannot get anyone for calls at this time."

5. We were able to contact a third prisoner at the Maine Correctional Center, whose declaration is being filed alongside the Petitioners' reply.

6. Even for prisoners who we are able to contact, we are only able to speak with the prisoner when they are in a DOC case worker's office (which is not a confidential setting) or on a

1

recorded phone line for which prisoners have to pay by the minute. Each time a prisoner calls me on the recorded phone line, the call begins by stating the call is recorded and monitored. Some prisoners are unable to reach me or must shorten phone calls because they do not have enough money on their phone accounts.

7. DOC has stated that prisoners have access to electronic tablets, but I understand (from conversations with case workers) that prisoners are supervised by DOC staff in close proximity while using the tablets. Some case workers have also stated that they are attempting to work on a system to have professional visits conducted on tablet, but have not yet determined a method of doing so.

8. I declare under penalty of perjury that the foregoing is true and correct.


Dated May 29, 2020

/s/ Emma E. Bond

Emma E. Bond