UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH A. DENBOW et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 1:20-cv-00175-JAW |
| ) | |
| MAINE DEPARTMENT OF ) | |
| CORRECTIONS et al., ) | |
| ) | |
| Respondents. ) | |

**INTERIM ORDER ON DISCOVERY REQUESTS**

On June 15, 2020, the Court issued a scheduling order requiring Petitioners in this matter, Joseph Denbow and Sean Ragsdale, to send discovery requests to Respondents, the Maine Department of Corrections and Commissioner Randall Liberty, that same day. *Order on Jt. Proposed Scheduling Order* at 2-3 (ECF No. 29). The Court also required the parties to file a joint proposal on areas of discovery, "including objections by Respondents for lack of good cause under Rule 6(b) of the Rules Governing Section 2254 Cases," by June 17, 2020. *Id.* at 3. On June 17, 2020, the parties complied with the Court's order. *Jt. Status Update and Statement of Disc. Reqs. by Pet'rs & Objs. by Resps.* (ECF No. 30).

In the parties' joint filing, Petitioners state that they do not object to the Court applying the Rules Governing Section 2254 Cases to this case for purposes of discovery. *See id.* at 2-3. However, they contend that the Court should not convert their petition from one brought under 18 U.S.C. § 2241 to one brought under 18 U.S.C. § 2254, arguing that First Circuit caselaw does not require conversion, conversion

would have serious collateral implications for Petitioners which have not been briefed, and that there is no need for the Court to reach this question at this time. *Id.* at 3. Respondents, on the other hand, argue that it is appropriate for the Court to convert Petitioners' petition but do not go so far as to argue this is required by First Circuit caselaw. *Id.* at 5-6.

The Court sees two major unresolved questions: (1) whether the Court is required to formally convert the § 2241 petition to a § 2254 petition and, (2) regardless of the answer to the conversion issue, whether the Court should apply the Rules Governing Section 2254 Cases to this case. *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 875 n. 9 (1st Cir. 2010); *Brennan v. Wall*, 100 F. App'x 4, 4-5 (1st Cir. 2004).

Turning first to the second question: despite the Petitioners' lack of objection, whether the Rules Governing Section 2254 Cases apply to this case is likely to be a source of ongoing controversy between the parties, and the Court may be required to answer and re-answer this question in small slices to resolve each specific dispute. If the Rules Governing Section 2254 Cases apply, for example, discovery would ordinarily not be available and the standard for discovery, which will color the Court's resolution of any discovery disputes, will be "good cause." *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007). Even so, the Rules Governing Section 2254 Cases assume that the prisoner is challenging a legal ruling based on a developed prior record; here, there has been no prior adjudication of the Petitioners' conditions of confinement claims. Thus, to an extent, the Rules Governing Section 2254 Cases are an awkward fit to the Petitioners' conditions of confinement theory.

In these circumstances, it seems preferable for the parties to squarely address the applicability of the Rules Governing Section 2254 Cases to this action so that, if possible, the Court can meet the issue head-on and resolve it. The Court is interested in whether there is First Circuit authority on this issue and how other courts, both within and outside the First Circuit, have resolved similar issues.

If the Court determines that the Rules Governing Section 2254 Cases apply, the next question is whether they apply in their entirety or whether the Court should apply the Rules Governing Section 2254 Cases in a selective manner, enforcing those rules that fit and importing the Rules of Civil Procedure where appropriately applied. For example, it would seem logical to apply Rule of Civil Procedure 23 to the class action aspect of the Petitioners' claim, but the Court does not know whether the parties agree on this issue and, for that matter, whether they agree that the Court should apply other provisions of the Rules of Civil Procedure to this case.

In light of Petitioners' decision not to object, the Court could simply apply the Rules Governing Section 2254 Cases by exercising its discretion under Rule 1(b) of those rules, leaving the question of conversion for another day. However, the Court believes that the more efficient path is for the parties to brief—and the Court to decide—the conversion and Rules questions now. The Court ORDERS Respondents to file a memorandum of no more than seven pages (not inclusive of signature pages) explaining why the Court should convert Petitioners' petition to a petition under 18 U.S.C. § 2254 and the applicability of the Rules within eight days, by July 3, 2020. Petitioners shall respond within seven days, by July 10, 2020. Petitioners' response

shall also be no more than seven pages.  If Respondents see the need for a reply of no more than three pages, they must file a request to reply within three days, by July 13, 2020, and the reply would be due by July 15, 2020.

With regard to the remaining discovery disputes laid out in the parties' joint filing, the Court ORDERS the parties to meet and confer, keeping in mind that—as the Court intimated at the conference of counsel on June 11, 2020—the Court views this as a case where fairly broad-ranging discovery is necessary to resolve the many factual disputes at issue.  If the parties are unable to come to a resolution on some of these issues, the parties should submit their remaining disputes to the assigned Magistrate Judge as they would in the ordinary course.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2020